UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

NANCY EDWARDS,                          )
                                        )
     Plaintiff,                        )     Action No. 6:15-cv-44-JMH
                                        )
v.                                      )
                                        )
                                        )
CAROLYN W.COLVIN,                       )     **MEMORANDUM ORDER AND OPINION**
ACTING COMMISSIONER OF                  )
SOCIAL SECURITY,                        )
                                        )
     Defendant,                        )
                                        )
                                        ***

    This matter is before the Court upon cross-motions for Summary Judgment [DE 12, 13] on Plaintiff's appeal of the Commissioner's denial of her application for social security income and disability insurance benefits.[1]   For the reasons discussed below, the Commissioner's motion will be granted and Plaintiff's motion will be denied.

**I. Overview of the Process and the Instant Matter**

    The Administrative Law Judge (ALJ), in determining disability, conducts a five-step analysis:

    1.   An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

    2.   An individual who is working but does not have a "severe" impairment which significantly limits his

---

[1]   These are not traditional Rule 56 summary judgment motions. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

physical or mental ability to do basic work activities is not disabled.

3.   If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)," then he is disabled regardless of other factors.

4.   If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work.  If the claimant is able to continue to do this previous work, then he is not disabled.

5.   If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work.  If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)).  "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled."  *Id.*  "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary."  *Id.*

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 18, 2011.  Considering step two, the ALJ found that Plaintiff possessed the severe impairment of degenerative disc disease.  During step three of the analysis, the ALJ determined that Plaintiff did not have an

impairment or combination of impairments that met the severity listed in 20 C.F.R. pt. 404, subpt. P, app. 1.

At step four, the ALJ determined that Plaintiff had a residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) except that Plaintiff was limited to occasional climbing of ramps and stairs; occasional stooping, kneeling, crouching, and crawling. Further, she should never climb ladders, ropes or scaffolds, and she should avoid concentrated exposure to extremely cold temperatures and vibration. Accordingly, the ALJ concluded, Plaintiff was not disabled as defined in the Social Security Act.

Plaintiff argues that the Commissioner's decision should be reversed because she meets the Social Security Listing of Impairments for Disorders of the Spine (1.04), Affective Disorders (12.04), and Anxiety-Related Disorders (12.06). Additionally, she argues that the hypothetical presented to the vocational expert was not supported by substantial evidence.

## II. Standard of Review

In reviewing the ALJ's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings

were supported by substantial evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the ALJ employed the proper legal standards in reaching his conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286 (citations omitted).

## III. Background

At the time of the ALJ's decision, the plaintiff was forty-four years old. She had worked previously as a phlebotomist, a certified nursing assistant, a bartender, a housekeeper, and in sales. Plaintiff has congenital L2-L3 hemiverterbra on the left, resulting in right lumbar scoliosis. She suffered a herniated disc at the C5-C6 level and underwent a cervical discectomy and fusion in December 2005. Most recently, she injured her low back while working at Lowe's in 2011. Two days after the injury, she was evaluated and began treatment with occupational medicine. She ultimately received conservative treatment for the injury, including epidural injections and physical therapy. She also consulted with neurologists, Drs. Brooks and Scott, who diagnosed degenerative changes of the lumbar spine. When Plaintiff's symptoms continued, and physical therapy was unsuccessful, she was

4

referred to Dr. Swayze for pain management.  In addition to problems with her low back and lower extremities, Plaintiff reports depression and anxiety secondary to her diminished physical function.

## IV.  Analysis

### A. The ALJ did not err in finding that Plaintiff did not meet the Listings for Disorders of the Spine, Affective Disorders, and Anxiety-Related Disorders.

Plaintiff contends that the Commissioner's erred at step three by finding that Plaintiff did not meet the Listings for Disorders of the Spine, Affective Disorders, and Anxiety-Related Disorders.  "[T]o be found disabled based upon a listed impairment, the claimant must exhibit all the elements of the listing." *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003).  "It is insufficient that a claimant comes close to meeting the requirements of a listed impairment." *Id.*

The portion of Listing 1.04 that Plaintiff claims to meet requires compromise of a nerve root or the spinal cord, with "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, and if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)."  Plaintiff has identified no evidence of nerve root compression.  In fact, upon examination of the MRI study

of Plaintiff's lumbar spine, Plaintiff's treating physician, Dr. Scott, remarked that there was no evidence of nerve root compression. Further, while the medical records include vague references to straight leg raise testing, there is no indication that the straight leg raise was done in sitting and supine, as required under the Listing. Further, Plaintiff has failed to identify medical evidence showing that her lower extremity atrophy was accompanied by muscle weakness or that she had any weakness in the lower extremities at all. Plaintiff contends that the ALJ should have given more weight to the opinion of examining physician Dr. Muffly, but Dr. Muffly's report also failed to indicate that nerve root compression was present. Further, Dr. Muffly's examination indicated that lower extremity strength and sensation was intact. Accordingly, Plaintiff has not satisfied all of the requirements of Listing 1.04, and the Commissioner's decision with respect to this listing is supported by substantial evidence.

Affective disorders, as defined by Listing 12.04, are characterized by a disturbance of mood, accompanied by a full or partial depressive syndrome.[2] Medical evidence must establish depressive syndrome, characterized by at least four of the following: anhedonia; appetite disturbance with change in weight;

---

[2] This Listing also can be met through documentation of manic and bipolar syndromes, which Plaintiff does not allege here.

sleep disturbance; psychomotor agitation; decreased energy; feelings of guilt or worthlessness; difficulty concentrating; suicidal thoughts; or hallucinations, delusions, or paranoid thinking. Additionally, in accordance with 12.04 B, Plaintiff must identify evidence of at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration.

Plaintiff fails satisfy the criteria required under 12.04 B. Although Plaintiff has some limitation with respect to activities of daily living, the ALJ properly determined that she is not markedly limited.  While she receives assistance with heavy tasks around the house, she performs light housework, does her own cooking, and performs self-care independently.  And while her social functioning may be reduced, she reports maintaining friendships and talks on the telephone daily.  She reports regularly visiting her mother in the nursing home, as well. Finally, the record does not contain any evidence of episodes of decompensation.  Accordingly, the Commissioner's decision with respect to Listing 12.01 is supported by substantial evidence.

Plaintiff also contends that she meets the Listing for Anxiety-Related Disorders, 12.06.  This listing also requires at least two of the following:  marked restriction in activities of

7

daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence or pace, or repeated episodes of decompensation, each of extended duration. This prong of the listing is also satisfied by a complete inability to function independently outside the area of one's home. For the reasons previously stated, Plaintiff fails to meet this Listing and the Commissioner's decision is supported by substantial evidence.

**B. The ALJ did not err in determining that Plaintiff possessed the RFC to perform her past relevant work and other work in the national economy.**

Plaintiff argues that the vocational expert's opinion, upon which the ALJ relied, did not take into account the fact that that Plaintiff cannot constantly move her arm "up, down, straight out, or back." She contends that, had these limitations been factored into the opinion, there would have been no jobs that Plaintiff could do. Plaintiff fails to identify any evidence in the record, however, to support the limitations she contends should have been included. Although Dr. Muffly opined that Plaintiff should avoid overhead activity, the ALJ gave adequate reasons for rejecting this finding. Further, the ALJ is not required to incorporate limitations she does not find credible. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Plaintiff has identified no other specific objections to the RFC or the vocational expert's testimony.

8

V.    CONCLUSION

       Accordingly, **IT IS ORDERED:**

       (1)  that the Commissioner's motion for summary judgment, [DE

13], is **GRANTED;** and

       (2)  that Plaintiff's motion for summary judgment, [DE 12],

is **DENIED.**

       This the 17th day of November, 2015.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge